IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles Benjamin "Ben" Dickerson, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**TLC LASIK Centers:**<br><br>TLC The Laser Eye Center (Institute), Inc.; TLC The Laser Center (Carolina), Inc.; TLC The Laser Center (Madison), Inc.; TLC The Laser Center (Institute), Inc. d/b/a TLC Denver; TLC The Laser Center (Institute), Inc. d/b/a TLC Atlanta; TLC Laser Eye Centers Oklahoma City; TLC The Laser Center (Tri-Cities), Inc.; TLC The Laser Center (Massachusetts), Inc.; TLC The Laser Center (Brea), Inc.; TLC Laser Eye Centers Cleveland; TLC Laser Eye Centers Columbus; TLC The Laser Center (Boca Raton), Inc.; TLC Laser Eye Centers (Pittsburgh), TLC Laser Eye Centers (Fargo); Valley Laser Eye Center, LLC; TLC The Laser Center (Institute), Inc. d/b/a TLC Manhattan; TLC The Laser Center (Institute), Inc. d/b/a TLC Garden City; TLC The Laser Center (Institute), Inc. d/b/a TLC Torrance; TLC The Laser Center (Northeast), Inc. d/b/a TLC North Jersey; TLC Laser EyeCenters Tulsa; TLC Laser Center (Northeast), Inc. d/b/a TLC Rockville; TLC The Laser Center (Institute) Inc. d/b/a TLC White Plains; TLC Midwest Eye Laser Center, Inc. d/b/a TLC Chicagoland; TLC The Laser Center (Northeast), Inc. d/b/a TLC Big Sky; TLC The Laser Center (Institute), Inc. d/b/a TLC Charleston; TLC The Laser Center (Institute), Inc. d/b/a TLC San Antonio; TLC Laser Eye Centers Edina; TLC The Laser Center (Indiana), LLC; TLC The Laser Center (Institute), d/b/a TLC Ft. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> | C.A. No. 6:10-cv-00685-JMC<br><br>**ORDER AND OPINION** |

| | |
|---|---|
| Lauderdale; TLC The Laser Center (Institute), d/b/a TLC Tampa; | ) ) ) |
| **TLC Clinical Directors:** | ) ) |
| Jo Angeles, O.D.; Kristen Brown, O.D.; E. Edward Carmen, O.D.; Phillip Cuva, O.D.; Despina Fikaris, O.D.; J. Christopher Freeman, O.D.; Jeffrey J. Genos, O.D.; Lee Ann Gertz, O.D.; Rhonda Kerzner, O.D.; David Kohler, O.D.; William Bruce Laurie, Jr., O.D.; Michael Mariano, O.D.; Elizabeth M. McLemore, O.D.; Melissa Melott, O.D.; Andrew S. Morgenstern O.D.; Debbie Pian, O.D.; Mary J. Rauch, O.D.; Carl J. Roth, O.D.; Susan Shin, O.D.; Stephen Siegel, O.D.; Mark A. Slosar, O.D.; Thomas Spetalnick, O.D.; Derek Van Veen, O.D.; Cynthia Yaeger, O.D.; Individually and in their capacity as Clinical Director for TLC The Laser Eye Center (Institute), Inc.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **TLC LASIK Surgeons:** | ) ) |
| Jodi Abramson, M.D.; Alberto Aran, M.D.; Robert Arffa, M.D.; David K. Aymond, M.D.; David Boes, M.D.; Stan Braverman, M.D.; Stephen Brint, M.D.; Barry Concool, M.D.; Charles Davis, M.D.; Eric Donnenfeld, M.D.; Martin Fox, M.D.; David Hunter, M.D.; Scott Jaben, M.D.; Jeffrey Machat, M.D.; Peter Mogyordy, M.D.; John Oster, M.D.; George Pardos, M.D.; Edward Perraut, M.D.; Louis Probst, M.D.; Randall Rabon, M.D.; Jeff Robin, M.D.; Roy Rubinfeld, M.D.; Stephen Slade, M.D.; Mark Speaker, M.D.; Robert Spector, M.D.; Nancy Tanchel, M.D.; Brad Taylor, M.D.; Gregory Temas, M.D.; Stewart Terry, M.D.; Mark E. Whitten, M.D.; Larry Womack, M.D.;Wendell Wong, M.D.; Jonathan Woolfson, M.D.; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **TLC Management:** | ) ) |
| Brian Andrew, Esq.; Stacey Anne Lerum; Bob May, Esq.; John Potter, M.D., | ) ) |

|                          |   |
|---|---|
| Defendants. | ) ) ) |

This matter is before the court on Plaintiff Benjamin "Ben" Dickerson's ("Plaintiff") Motion to Alter and Amend [Doc. 387] this court's order granting Defendants TLC LASIK Centers, TLC Clinical Directors, TLC LASIK Surgeons, and TLC Management's motions to dismiss all claims asserted by Plaintiff. Based upon the record before the court, Plaintiff's Motion is denied.

## STANDARD OF REVIEW

A court may alter or amend a judgment if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at the time of the judgment; or (3) that there has been a clear error of law or a manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

## DISCUSSION

Plaintiff brought this action as a putative class representative alleging causes of action for violations under the Racketeer Influenced and Corrupt Organization Act ("RICO") and declaratory and equitable relief relating to certain medical records of the putative class members against the individual and corporate Defendants. Specifically, Plaintiff alleged that Defendants created and utilized a database containing medical information without the consent and knowledge of the patients, and that such actions violated the civil RICO statute.

All Defendants filed motions to dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff failed to state a claim under RICO and failed to state a claim for declaratory and injunctive relief. The court granted Defendants' motions finding that Plaintiff failed to demonstrate any

concrete, quantifiable injury to his business or property, and therefore, had no standing to pursue his RICO claims. The court further found that Plaintiff's RICO claims were barred by the statute of limitations, and that Plaintiff failed to state a claim for declaratory and injunctive relief.

In his motion for reconsideration, Plaintiff contends that the court impermissibly concluded that Plaintiff's interest in intangible medical information was insufficient to confer standing for a RICO claim because the RICO statute does not include the word "tangible." Plaintiff argues that an injury to an interest in intangible property, such as the confidential information in the Plaintiff's medical records, is sufficient to confer RICO standing. However, while there is no differentiation in the statute between tangible and intangible property, courts have repeatedly held that certain injuries to intangible property interests are not sufficient to confer RICO standing. *See, e.g.*, *Regions Bank v. J. R. Oil Co., LLC*, 387 F.3d 721, 730 (8th Cir. 2004) (intangible property interests such as security interests or contractual rights to repayment are not the type of injuries that may support standing under RICO); *Diaz v. Gates,* 380 F.3d 480, 484-85 (9th Cir. 2004) (the right to pursue gainful employment is at most a "valuable intangible property interest" which is insufficient to satisfy RICO's standing requirement); *Price v. Pinnacle Brands, Inc*. 138 F.3d 602, 607 (5th Cir. 1998) ("Injury to mere expectancy interests or to an "intangible property interest" is not sufficient to confer RICO standing."). Accordingly, the court finds that Plaintiff's statutory construction argument lacks any merit and declines his request to alter the court's order on that basis.

Plaintiff also argues that the court incorrectly analyzed his allegations concerning his out-of-pocket losses related to unnecessary surgeries and pretextual meetings. The court found that "Plaintiff's loss of money for amounts paid for unnecessary surgeries derives from the performance of the initial surgery and the alleged failure to properly inform Plaintiff of his proper diagnoses. . .

." Order, at 19 [Doc. 383]. Plaintiff argues that the correct interpretation of his allegations would lead to the conclusion that "Mr. Dickerson was never a candidate for Lasik surgery at all but that he paid money for the initial Lasik surgery and then incurred expenses in attending meetings purportedly to discuss his vision problems but in actuality to further the Defendants' cover up of the true facts." Plaintiff's Motion to Alter and Amend, at 8 [Doc. 387]. This is merely a restatement of Plaintiff's prior arguments in response to the motions to dismiss and do not distinguish Plaintiff's claims in this case from the substance of a medical malpractice claim. The court adequately addressed this issue in its Order and declines to alter its findings.

Finally, Plaintiff argues that the court erred in finding his claims barred by the statute of limitations. Plaintiff alleged in his Amended Complaint that Defendants performed laser eye surgery on him, for which he alleges he was contraindicated, sometime between 1998 and 2003. He further alleges that he began experiencing vision problems, was scheduled and rescheduled for corrective treatments, and that Defendants canceled his Lifetime Commitment Contract despite representations that such benefit would continue for life. The court ruled that because Plaintiff alleged that his surgeries were performed between 1998 and 2003 and the alleged predicate acts were accrued, at the latest, by May 2005, his claims were barred by the statute of limitations. In determining when the statute of limitations began to run, the court adopted the discovery accrual rule. *See Rotella v. Wood*, 528 U.S. 549, 555-57 (2000) (discussing that the statute of limitations begins to run when the plaintiff knows or should know of the existence of a RICO injury, not discovery of the other elements of a claim such as the underlying pattern of racketeering activity). The court also found that Plaintiff failed to plead any basis upon which the court could find his claim equitably tolled. *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 194-95 (1997) (noting that a plaintiff must use

5

reasonable diligence to discover the claim).  Although Plaintiff disagrees with the court's analysis, the court finds that Plaintiff has failed to present the court with any basis upon which it should amend its ruling on the statute of limitations issue.

For the foregoing reasons, the court **DENIES** Plaintiff's Motion to Alter and Amend [Doc. 387].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
December 21, 2011